UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                           Case No. 09-CR-29

WILLIE E. WILLIAMS,

        Defendant.

_____

## ORDER

On October 14, 2008, a complaint was filed in the Eastern District of Wisconsin alleging that Willie E. Williams ("Williams") had fraudulently applied for, and received money from the Federal Emergency Management Agency's ("FEMA") disaster assistance program, in violation of 18 U.S.C. § 287. (Docket #1). Williams was arrested in Minnesota and appeared before a magistrate judge in the District of Minnesota on October 28, 2008. (Docket #2). Williams was ordered detained, and was removed to the Eastern District of Wisconsin on October 30, 2008. (Docket #2). Williams first appeared in the Eastern District of Wisconsin on November 24, 2008, at which time the order of detention issued in the District of Minnesota was continued. (Docket #4). At a preliminary hearing held on December 12, 2008, Magistrate Judge William E. Callahan, Jr. found that probable cause existed. (Docket #8).

On January 18, 2009, Williams moved to dismiss the charge against him with prejudice pursuant to the Speedy Trial Act, 18 U.S.C. § 3162(a)(1).[1] On January 27, 2009, a grand jury returned a single count indictment charging Williams, and co-defendant Angela Beckum, with wire fraud relating to a benefit paid in connection with a presidentially declared major disaster, in violation of 18 U.S.C. §§ 1343 and 2. (Docket #19). Williams pleaded not guilty at an arraignment and plea hearing held on February 3, 2009. (Docket #26). On March 12, 2009, Magistrate Judge Aaron E. Goodstein issued a recommendation that Williams's motion to dismiss be granted, and that the charge contained in the complaint against him be dismissed with prejudice.[2] Magistrate Goodstein also found that dismissing the complaint would not prevent the government from prosecuting Williams for the offense charged in the indictment, because the January 27, 2009 indictment charges Williams with a different crime than that which was charged in the October 14, 2008 complaint.

On March 23, 2009, Williams filed a *pro se* objection to Magistrate Goodstein's recommendation, arguing that the charge contained in the January 27, 2009 indictment should also be dismissed with prejudice.[3] Williams asserts that the indictment against him was based on the same allegations as those contained in the complaint, and should, therefore, be dismissed under the so-called gilding exception.

---

[1] Williams also moved to vacate his detention order and set bond, which the court denied at a hearing held on February 13, 2009. (Docket #31).

[2] In conjunction with his recommendation, Magistrate Goodstein also denied Williams's motion for a new attorney. This matter is not before the court at this time.

[3] The government has not objected to Magistrate Goodstein's recommendation.

Williams also suggests that the government was not acting in good faith when it waited to pursue an indictment until after Williams had moved for dismissal of the complaint on Speedy Trial Act grounds. Finally, Williams asserts that he was denied his right to a timely preliminary hearing.[4] The government responds asking the court to deny Williams's motion as moot. In the alternative, the government argues that Williams has waived any claim that the gilding exception should apply to his case by failing to present the argument to the magistrate, and that the gilding exception would not apply to Williams's case.

Under 28 U.S.C. § 636(b)(1), the district court must review *de novo* any part of a magistrate's recommendation to which objection is made. *See Pinkston v. Madry*, 440 F.3d 879, 893 (7th Cir. 2006). The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. . . ." 18 U.S.C. § 3161(b). The Speedy Trial Act further defines the sanction for a violation of the aforementioned provision:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information

---

[4] In his objection, Williams's "Argument (A)" is that "there are many many [sic] inconsistencies and contradictments [sic] of statements, rules, as well as case no's . . . ." Although somewhat elusive, Williams appears to argue that Magistrate Goodstein's recommendation did not properly consider the original complaint and the subsequent indictment because the complaint was initially filed under a different case number. However, the original case number assigned to the October 11, 2008 complaint was later merged into a new case number reflecting the January 27, 2009 indictment. Because the court is unable to recognize any bona fide objection to the magistrate's recommendation in "Argument (A)" of Williams's filing, the court declines to address it separately.

-3-

> is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

Here, the parties do not object to Magistrate Goodstein's finding that the January 27, 2009 indictment in this case was filed well after the thirty-day time limit set by § 3161(b), as extended by § 3161(h). Therefore, the only issues remaining for the court are whether the government is barred from prosecuting Williams on the count charged in the January 27, 2009 indictment as a result of the Speedy Trial Act violation, and whether dismissing the charge in the original complaint with prejudice is an appropriate remedy in this case.

Williams asserts, in his objection, that the January 27, 2009 indictment should be dismissed under the rarely used gilding exception. The magistrate addressed this issue in his recommendation, but noted that Williams had not argued the point. The government response seems to suggest that, by not arguing the point to the magistrate, Williams waived his right to argue for applying the gilding exception in an objection. However, at the time Williams filed his motion, the indictment had not yet been returned. Prior to the indictment, Williams had no basis to make the gilding argument. As a result, the court will consider Williams's objection asserting that the gilding exception should apply to his case.

On its face, § 3162(a)(1) requires only that the charges contained in the original complaint be dismissed as a sanction for the government's failure to indict a defendant in a timely manner. The section does not require dismissal of all subsequent charges arising from the same criminal episode or transaction as the charges contained in the complaint. *See United States v. Gaskin*, 364 F.3d 438, 453 (2d Cir. 2004) (holding dismissal under § 3162(a)(1) not warranted where indictment charges require proof of elements distinct from those charged in complaint, even if charges are based on identical facts); *United States v. Giwa*, 831 F.2d 538, 542 n.4 (5th Cir. 1987) (noting that requiring dismissal of all possible charges would create a compulsory joinder of offenses rule for criminal prosecutions). However, some courts have recognized a limited exception whereby dismissal of charges not contained in the original complaint is warranted under § 3162(a)(1). *See e.g.*, *United States v. Peppin*, 365 F.Supp.2d 261, 267-69 (N.D.N.Y. 2005). This exception applies when a charge in an untimely indictment merely "gilds" the charge contained in the complaint. *See United States v. Toader*, 582 F.Supp.2d 987, 989-90 (N.D. Ill. 2008). The gilding exception generally does not apply if the charge in the indictment requires proof of elements different from those required to prove the charge contained in the original complaint. *See id.*; *United States v. Hemmings*, 258 F.3d 587, 591-93 (7th Cir. 2001) (noting that the Speedy Trial Act does not require a person arrested be indicted within thirty days on every possible crime known to the government).

-5-

The October 14, 2008 complaint in this case charged Williams with a violation of 18 U.S.C. § 287, which proscribes the following:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C. § 287. Williams was never indicted on this charge. Instead, the January 27, 2009 indictment charged Williams with a violation of 18 U.S.C. § 1343, which provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1343.

These two offenses may arise from the same underlying factual allegations, namely that Williams fraudulently applied for and received money from FEMA programs intended for victims of Hurricane Katrina. Yet, they require proof of elements that are quite distinct. Therefore, the court does not consider the charge

-6-

in the indictment to be a mere gilded form of the charge in the complaint. Moreover, the court finds little evidence that the government has sought, in bad faith, to avoid the requirements of the Speedy Trial Act in this case. *See Toader*, 582 F.Supp.2d at 990-91 (citing bad faith as a possible basis for applying the gilding exception). The fact that the government obtained an indictment only days after Williams filed his motion pursuant to the Speedy Trial Act does not demonstrate, by itself, that the government has acted in bad faith. Rather, as Magistrate Goodstein found, the actions of the government in this case are more likely demonstrative of inadequate procedures and practices within the United States Attorney's Office when it comes to defendants detained outside of this judicial district. Accordingly, the court finds that the dismissal sanction provided by 18 U.S.C. § 3162(a)(1) does not extend to the charge contained in the January 27, 2009 indictment.

Next, Williams claims that the indictment against him should be dismissed because he was never afforded a timely preliminary hearing. This objection lacks merit. Rule 5.1(c) of the Federal Rules of Criminal Procedure requires a preliminary hearing be held by a magistrate no later than 10 days after the initial appearance of a defendant in custody. Fed. R. Crim. P. 5.1(c). Williams initially appeared in the District of Minnesota on October 23, 2008. His preliminary hearing was held in this district on December 9, 2008, and continued to December 12, 2008. While Rule 5.1(c) may have been violated, the remedy would not be to dismiss the charge in the subsequent indictment. A violation of Rule 5.1(c), and its statutory counterpart at 18

-7-

Case 2:09-cr-00029-JPS   Filed 04/27/09   Page 7 of 10   Document 48

U.S.C. § 3060, requires the defendant be released from custody "without prejudice . . . to the institution of further criminal proceedings against him upon the charge upon which he was arrested." 18 U.S.C. § 3060(d). Releasing Williams from custody now would be inappropriate in light of the January 27, 2009 indictment on a different charge. What is more, under Rule 5.1(a)(2), the assigned magistrate judge need not conduct a preliminary hearing if the defendant now stands indicted. Fed. R. Crim. P. 5.1(a)(2); *see* 18 U.S.C. § 3060(e).

Having found that the gilding exception does not apply to Williams's case, the court must next determine if Williams has any remedy for the initial Speedy Trial Act violation. Magistrate Goodstein found the appropriate sanction under 18 U.S.C. § 3162(a)(1) to be the dismissal with prejudice of the charge in the complaint, made pursuant to 18 U.S.C. § 287. The government argues that Williams has no remedy, and that Williams's motion should be denied as moot. The government also asserts that a *nunc pro tunc* order is not appropriate for this case because it would allow the court to address a moot issue.

On the issue of mootness, the court must consider whether, given the circumstances of the case, the court is still able to "fashion *some* form of meaningful relief." *United States v. Segal*, 432 F.3d 767, 773 (7th Cir. 2005) (citations omitted). Because the court considers dismissal of the complaint to be meaningful relief to Williams, Williams's motion is not moot. Dismissal with prejudice of the complaint would prevent the government from prosecuting Williams on the charge alleged in

-8-

the complaint. Moreover, the complaint remains in effect and has not been dismissed by either the government or the court. *See* Fed. R. Crim. P. 48. To the extent the magistrate's recommendation found that the indictment rendered the complaint moot, the court disagrees.

Moving to the government's assertion that the court is not authorized to issue a *nunc pro tunc* order in this case, the court agrees. *Nunc pro tunc* orders are meant "to correct the record so that it reflects what was actually done but never recorded due to a clerical inadvertence." *United States v. Taylor*, 841 F.2d 1300, 1308 (7th Cir. 1988). They are not meant to alter substantive rights. *Id.* (citation omitted). Adopting the magistrate's recommendation and dismissing the complaint with prejudice would likely alter Williams's substantive rights and those of the government. What is more, the court has not been provided with any justification for backdating its order. Therefore, the court will not order dismissal *nunc pro tunc*.

Finally, after reviewing the recommendation, the court is satisfied that the magistrate properly weighed the factors outlined in 18 U.S.C. § 3162(a)(1) in determining that dismissal of the complaint with prejudice is the appropriate remedy in this case. The parties have not objected to the magistrate's assessment of this point. Therefore, the court will dismiss the complaint pending against Williams with prejudice to any future attempt by the government to prosecute Williams for the specific offense alleged therein.

-9-

In summary, the court will adopt Magistrate Goodstein's recommendation in part and grant Williams's motion to dismiss. The January 27, 2009 indictment, however, will remain in effect. Pursuant to Williams's request, the court will further direct that a copy of this order be sent directly to Williams.

Accordingly,

**IT IS ORDERED** that defendant's objection to Magistrate Goodstein's recommendation (Docket #36) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that the March 12, 2009 report and recommendation of Magistrate Goodstein that defendant's motion to dismiss on Speedy Trial grounds be granted (Docket #35) be and the same is hereby **ADOPTED** in part;

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the complaint against him (Docket #16) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint (Docket #1) be and the same is hereby **DISMISSED** with prejudice.

The Clerk is directed to mail a copy of this order directly to the defendant.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-10-

Case 2:09-cr-00029-JPS    Filed 04/27/09    Page 10 of 10    Document 48