UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                           Case No. 09-CR-29

WILLIE E. WILLIAMS,

       Defendant.
_____

## ORDER

On May 11, 2009, Willie E. Williams ("Williams") filed a *pro se* motion to dismiss the pending indictment against him as being defective. The court construes Williams's motion to be made pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. On June 8, 2009, the court directed the government to file a response to Williams's motion. The government responded on June 11, 2009. In his motion to dismiss, Williams asserts that the government coerced testimony from the co-defendant in this case to obtain an indictment. Williams also claims that much of the government's evidence is either invalid or insufficient to support the indictment. The government responds arguing that Williams's motion should be denied for four reasons: (1) it is untimely; (2) it was filed *pro se* even though Williams has appointed counsel; (3) Williams has signed a plea agreement in which he waives his right to bring the motion; and (4) the motion fails on its merits.

After reviewing the parties' arguments, the court is obliged to deny Williams's motion. First, the motion is indeed untimely. Under Rules 12(c) and 12(e) of the Federal Rules of Criminal Procedure, the court may set deadlines for filing pretrial

motions, and any defenses not raised by those deadlines are waived. At Williams's February 3, 2009 arraignment and plea hearing, United States Magistrate Judge Aaron E. Goodstein set a deadline of February 23, 2009, for the filing of pretrial motions. (Docket #26). Williams filed a motion to dismiss the complaint in this case, which the court granted in part. (Docket #48). At a status conference held on May 1, 2009, Williams raised his concerns with the indictment against him. Pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the court may consider a motion that an indictment fails to invoke the court's jurisdiction or to state an offense at any time. However, Williams motion does not challenge the court's jurisdiction, nor does it allege that the indictment fails to state a claim. Instead, Williams essentially contends that the government's evidence is insufficient to convict him of the offense charged in the indictment. Therefore, Williams's motion finds no safe harbor under Rule 12(b)(3)(B) timeliness exception.

But even if the motion had been timely, the court would be obliged to deny it. The Seventh Circuit has made clear that "at the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Williams's motion attacks the government's case against him, but does not assert that the indictment fails to properly charge him with an offense. The court is not in a position to rule on the sufficiency of the government's case at this point. Finally, on May 22, 2009, a signed plea agreement was filed with the court in which

Williams appears to concede his guilt to the offense, and explicitly surrenders any claims raised in pretrial motions. (Docket #55).

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss the indictment (Docket #50) be and the same is hereby **DENIED**; the parties are directed to jointly contact the court's staff when they are prepared to proceed with a change of plea hearing or any other hearing that may be necessary for the resolution of this case.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge